STATE of Minnesota, Respondent,

v.

Jeffrey Lee HOLE, Appellant.

No. C0–86–1517.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, David Olin, Pennington Co. Atty.,

Kevin Duffy, Asst. Co. Atty., Thief River Falls, for respondent.

Robert J. LaBine, Grand Forks, N.D., for appellant.

Considered and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Jeffrey Hole appeals from his conviction for felony theft and from an order denying his motion for a new trial. He contends the evidence was insufficient to support the verdict, that he was denied effective assistance of counsel, and he was entitled to a new trial based on newly discovered evidence.

We affirm.

## FACTS

On the morning of December 21, 1985, Hubert Gonsorowski, owner of Hubert's Sports Service in Thief River Falls, discovered that a 1981 Arctic Cat Panther snowmobile worth approximately $1300 was missing from his business. Polk County Deputy Sheriff Don Hamre found the chassis of the snowmobile in a tamarack swamp north of Erskine, Minnesota, on December 24, 1985. The motor, skis, fuel tank, seat, and other parts had been removed. On January 7, 1986, Hamre found the stolen parts in a garage owned by appellant's brother, Dan Hole. Appellant was charged with felony theft, Minn.Stat. § 609.52, subds. 2(1) and 3(2) (1984).

The case was tried to a jury. The State's main witness was 17 year old S.H.[1] S.H. lives in Erskine, and attends the Area Vocational Technical Institute (AVTI) in Thief River Falls, and has known appellant for two years. S.H. testified that on December 20, 1985, S.H. and Terril Wallace[2] were riding with appellant in his truck when they saw the Arctic Cat snowmobile outside Hubert's Sports Service. S.H. testified that he and appellant knew Wallace intended to take the snowmobile. Appellant dropped Wallace off at Hubert's and Wallace drove the snowmobile to his Thief River Falls apartment. Both S.H. and appellant rode the snowmobile that night. While appellant was driving it, he got into an accident and cut his head. S.H. took him to the hospital for stitches.

The next day, S.H. and appellant returned to the place they left the snowmobile the night before. They loaded it into appellant's truck, took it to Dan Hole's garage in Erskine, and stripped it, removing the engine, the handle bars, the seat, and some other parts. They left the parts in Dan Hole's garage, and dumped the chassis in a swamp.

Appellant told S.H. his brother wanted to buy the parts. When Dan Hole later asked S.H. if the parts were "hot," S.H. said he didn't know. Dan Hole said, "they got to be hot."

Dan Hole testified he gave Hamre permission to look in his garage for the parts. Dan Hole testified he had no idea how the parts got in his garage. He testified appellant told him he purchased the parts from "some guy" for $40. Dan Hole installed the stolen motor in his snowmobile. He did not pay his brother for the parts.

Appellant lives in Erskine and attends the AVTI in Thief River Falls. His version was that Wallace borrowed his truck around 8:00 p.m. on December 20, and told appellant he was going to Green Bush, Minnesota, to get a snowmobile. Appellant testified that Wallace and S.H. left him at Wallace's apartment around 8:00 p.m. and returned with the snowmobile at 11:00 p.m. According to appellant, Wallace said the snowmobile was his. He testified that the

---

1. S.H. was adjudicated delinquent in Polk County Juvenile Court for the snowmobile theft. The State subpoenaed him to testify at appellant's trial and promised "there would be no other prosecutions" based on his testimony.

2. Wallace pleaded guilty to unauthorized use of a motor vehicle on March 25, 1986. He was represented by the same public defender who served as appellant's trial counsel. He did not testify at appellant's trial.

three rode the snowmobile that night until appellant had an accident and took S.H. to the hospital. Wallace, S.H., and appellant spent that night at Wallace's apartment. Appellant said he and S.H. went to Erskine the next day, but did not take the snowmobile with them.

Appellant denied any involvement in the theft, and claimed he bought the parts from Wallace on December 27 for $40. He said he took the parts to Erskine that same day and gave them to his brother, who put the motor in his snowmobile.

When the police questioned appellant after they found the stolen parts in his brother's garage, he denied any knowledge of the snowmobile, and claimed he bought the parts from Wallace.

The jury found appellant guilty of felony theft and found, by special verdict, that the value of the snowmobile was more than $250. The trial court sentenced appellant to imprisonment for a presumptive term of twenty-two months.

On June 13, 1986, appellant filed a motion for a new trial based on newly discovered evidence. Appellant claimed he had discovered three witnesses who would testify that, prior to trial, S.H. told them Jeffrey Hole was not involved in the taking or driving of Gonsorowski's snowmobile. The motion was also supported by five affidavits.

The State filed a responsive affidavit from S.H. S.H. admitted he made the exculpatory statements, but went on to state that the exculpatory statements were untrue and motivated by his fear of reprisal by appellant. The trial court denied appellant's motion for a new trial on August 14, 1986.

**ISSUES**

1. Was the evidence sufficient to convict appellant of felony theft?

2. Was appellant denied effective assistance of counsel?

3. Was appellant entitled to cross-examine a trial witness at the hearing on his motion for a new trial?

4. Did the trial court err by denying appellant's motion for a new trial based on newly discovered evidence?

**I.**

*Accomplice Testimony*

Appellant contends the evidence was insufficient to corroborate the accomplice testimony of S.H. He claims the State proved only the circumstances surrounding the theft, and did not adequately establish his involvement in the crime.

■ Appellant may not be convicted on S.H.'s accomplice testimony unless that testimony:

is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Minn.Stat. § 634.04 (1984). The corroborating evidence need not establish a prima facie case, and "is sufficient if it restores confidence in the accomplice's testimony, confirming its truth and pointing to the defendant's guilt in some substantial degree." *State v. Jones,* 347 N.W.2d 796, 800 (Minn.1984) (quoting *State v. Houle,* 257 N.W.2d 320, 324 (Minn.1977)).

■ An accused's own testimony may provide the requisite corroboration:

If the accused testified, the inadequacies and admissions in his testimony may be corroborative of the accomplice's testimony. Corroborating evidence may be secured from the defendant's association with those involved in the crime in such a way as to suggest joint participation, as well as from the defendant's opportunity and motive to commit the crime * * *.

*State v. Adams,* 295 N.W.2d 527, 533 (Minn.1980) (citing *State v. Mathiasen,* 267 Minn. 393, 127 N.W.2d 534 (1964)).

■ On appeal, we will not retry facts, and we are required to view the evidence in the light most favorable to the State, assume the jury believed the State's witnesses, and disbelieved contradictory evidence.

*State v. Merrill,* 274 N.W.2d 99, 111 (Minn. 1978).

■ We find the testimony of Deputy Sheriff Hamre and Dan Hole, under *Jones,* sufficient to corroborate S.H.'s testimony. Hamre found the chassis in the tamarack swamp and recovered the stolen parts from appellant's brother's garage. Dan Hole testified he did not know when the parts were put in his garage, and that appellant told him he bought the parts from "some guy." Dan Hole installed the stolen motor in his snowmobile, which was also an Arctic Cat.

Appellant himself corroborated S.H.'s testimony by admissions and inadequacies in his testimony. He confirmed S.H.'s testimony that he rode the snowmobile the night of the theft, had an accident, and was taken to the hospital for stitches. He admitted he gave the snowmobile parts to his brother. Obviously the jury did not believe appellant's testimony that he was not involved in the theft. We find support for the guilty verdict and the accomplice testimony in the record.

In its post-trial order, the trial court considered the transcript from Wallace's guilty plea hearing. Wallace placed appellant at the scene of the theft, and testified appellant knew Wallace intended to steal the snowmobile.

■ Corroborating evidence need not establish a prima facie case of appellant's guilt, and may be, as it is here, circumstantial evidence. *Adams,* 295 N.W.2d at 533. In addition, as in *Adams,* appellant had both opportunity and motive. He was in Thief River Falls the night of the theft, and knew his brother needed a snowmobile motor. *Id.* Appellant had a truck in which to haul the snowmobile and had access to Dan Hole's garage where the parts could be removed. The record shows sufficient corroboration of the accomplice testimony.

## II.

### Effective Assistance of Counsel

■ Appellant contends he was denied effective assistance of counsel because his court-appointed defense attorney previously represented Terril Wallace when Wallace pleaded guilty prior to appellant's trial. Appellant claims counsel should have called Wallace as a witness on his behalf, but did not do so because of a conflict of interest.

Although Wallace did not testify, the State subpoenaed him. In its memorandum attached to the order denying appellant's motion for a new trial, the court found "no indication that Mr. Murphy's representation of Wallace in any manner prejudiced defendant." The trial court reviewed the transcript of Wallace's guilty plea and concluded that "his absence from defendant's trial was to defendant's benefit * * *." Appellant has not shown his counsel made unprofessional errors which affected the outcome of his trial. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## III.

### Oral Testimony at Hearing on Motion for New Trial

Appellant next contends he should have been allowed to cross-examine S.H. at the hearing on his motion for a new trial. Appellant argues that the rules of criminal procedure permit the court to take oral testimony in support of such a motion. Minn.R.Crim.P. 26.04, subd. 1(2) provides, "A motion for new trial shall be made and heard on the files, exhibits and minutes of the court."

Appellant argues that Minn.R.Civ.P. 59.01 allows the taking of oral testimony in this matter. Rule 59.01 provides, in part:

On a motion for a new trial *in an action tried without a jury,* the court may open the judgment if one has been entered, *take additional testimony,* amend findings of fact and conclusions of law or make new findings and conclusions, and direct entry of a new judgment.

(Emphasis added).

■ The rules of criminal procedure do not specifically permit or prohibit oral testi-

mony upon a motion for a new trial. While Minn.R.Civ.P. 59.01 allows oral testimony in a civil action tried to the court, the drafters of Minn.R.Crim.P. 26.04 did not include such a provision. That omission reflects both the higher standard of proof and the predominant role of the jury as factfinder in criminal cases.

█ Oral testimony has occasionally been considered in connection with a criminal defendant's motion for a new trial. *See State v. Hill,* 312 Minn. 514, 253 N.W.2d 378 (1977). In *Hill* the trial court took post-trial testimony from a witness who had allegedly recanted her earlier courtroom identification. *Id.* at 520, 253 N.W.2d at 383. Post-conviction courts have also taken oral testimony where a defendant claimed newly discovered evidence. *See Martin v. State,* 295 N.W.2d 76, 77 (Minn. 1980). However, a post-conviction court has discretion to receive testimony at an evidentiary hearing. *See* Minn.Stat. § 590.-04, subd. 3 (1984). We hold the court did not abuse its discretion by not allowing oral testimony.

## IV.

### Newly Discovered Evidence

Appellant's final claim is based on post-trial affidavits including statements from three witnesses who claim S.H. told them, prior to trial, Wallace took the snowmobile and appellant was not involved in the theft. The State submitted an opposing affidavit by S.H., who admitted making the statements, but said they were untrue. S.H. stated that he made those statements because appellant had threatened him. S.H. stated that he had told the truth at trial regarding appellant's involvement in the theft of the snowmobile.

█ A defendant may be granted a new trial based on newly discovered material evidence if the evidence could not have been produced by reasonable diligence prior to the original trial. *See* Minn.R.Crim.P. 26.04, subd. 1(1)5. To be grounds for a new trial, newly discovered evidence should produce a different or more favorable re-

sult. *State v. Hagen,* 361 N.W.2d 407, 412 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. April 18, 1985). Granting a new trial based on newly discovered evidence is within a trial court's discretion and will not be disturbed absent a clear abuse of discretion. *Berry v. State,* 364 N.W.2d 795, 796 (Minn.1985). In *State v. Hill,* 312 Minn. 514, 253 N.W.2d 378 (1977), the supreme court stated:

Courts have traditionally looked with disfavor on motions for a new trial founded on alleged recantations unless there are extraordinary and unusual circumstances. This rule is particularly relevant where possible changes in testimony have been occasioned by threats, pressure, and intimidation. Where the "newly discovered" evidence is of doubtful character and the particular circumstances of a case do not lend credence to the appellant's claim, we will not hold that the trial court abused its discretion in denying a motion for a new trial.

*Id.* at 523, 253 N.W.2d at 384 (citations omitted).

█ The court found that the affidavits did not constitute newly discovered evidence, and the information could have been discovered prior to trial by due diligence. One of the other affiants was under defense subpoena. *See* Minn.R.Crim.P. 26.04, subd. 1(1)5.

█ Appellant also claimed that S.H.'s statements constituted a recantation of his trial testimony. In a memorandum attached to the order denying appellant's motion for a new trial, the trial court found S.H.'s statements did not constitute a recantation. We do not find error in this ruling. If it could be called a recantation, it had no indicia of trustworthiness.

## DECISION

Evidence was sufficient to support appellant's conviction for felony theft. Appellant was afforded effective assistance of counsel. The trial court did not err by refusing to take post-trial oral testimony

from S.H., and did not err by denying appellant's motion for a new trial.

Affirmed.